UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REME SUE HUSTIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-74

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on January 22, 2020, alleging that she became disabled as of December 12, 2019, due to depression, back problems, diabetes, anxiety disorder, acid reflux, high blood pressure, and high cholesterol. (PageID.120–21, 342–43.) Plaintiff also filed an application for SSI on March 25, 2020, alleging disability due to the same illnesses or

conditions set forth in her DIB application. (PageID.143–44, 352–56.) Plaintiff was age 46 at the time of her alleged onset date. (PageID.120.) She had completed one year of college and had past work as a customer service representative. (PageID.370.) Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).

On December 9, 2021, ALJ Brian Burgtorf held a hearing and received testimony from Plaintiff and Adolph Cwik, an impartial vocational expert (VE). (PageID.66–99.) On December 27, 2021, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her alleged onset date through the date of the decision. (PageID.40–58.) The Appeals Council denied Plaintiff's request for review on November 23, 2022. (PageID.23–25.) The ALJ's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on January 19, 2023.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2024, and had not engaged in substantial gainful activity since her alleged onset date of December 12, 2019, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease, diabetes mellitus, hypertension, hyperlipidemia, gastroesophageal reflux disease, obesity, depression, anxiety, and somatic symptom disorder. (PageID.43.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.44–47.)

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except:

> [T]he claimant can stand and/or walk for two hours out of eight hours. She can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch[.] She can never crawl, nor climb ladders, ropes, and scaffolds. The claimant can never work around hazards, such as unprotected heights or unguarded or unprotected moving mechanical parts. She can understand, remember, and carry out simple instructions and make simple work-related decisions. The claimant cannot work at a production rate pace such as on an assembly line. She can occasionally interact with coworkers and the general public. The claimant can tolerate occasional changes in the routine work setting.

(PageID.47.)

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a customer service representative (PageID.57), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of electrical accessories assembler, industrial bagger, and hammermill operator, approximately 58,700 of which existed in the national economy. (PageID.57–58.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

**DISCUSSION**

Plaintiff raises one issue in her appeal: that the RFC is not supported by substantial evidence because the ALJ committed legal error in his evaluation of the opinions of primary care provider Lauren Atkinson, FNP. (ECF No. 11 at PageID.748.)

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

In articulating Plaintiff's RFC, the ALJ evaluated the opinion evidence pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the

6

claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5) and 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors, but is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2) and (3) and 416.920c(b)(2) and (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2) and 416.920c(c)(1)–2.

The ALJ is to conduct this analysis with regard to all opinions, but is not required to give controlling weight to an opinion from any particular source. The former rule, well-known as "the treating physician rule[, thus] no longer applies." *See Takacs v. Kijakazi*, No. 1:20-cv-02120, 2022 WL 447700, at *9 (N.D. Ohio Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 445767 (N.D. Ohio Feb. 14, 2022). "'Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [his] reasoning.'" *Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *13 (E.D. Mich. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4316852 (E.D. Mich. Sept. 23, 2021) (quoting *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-588, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)).

Plaintiff's primary care provider, Laura Atkinson, F.N.P., issued a Physical Assessment on November 4, 2021, setting forth Plaintiff's symptoms and functional limitations. (PageID.731–32.) The ALJ summarized and evaluated the opinion as follows:

> On November 4, 2021, the claimant's primary care provider, Laura Atkinson, F.N.P., opined that the claimant would need to recline or lie down during a hypothetical eight-hour workday in excess of the typical breaks (B16F/3). She found that the claimant could sit for four hours and stand/walk for two hours in an eight-hour workday. She found that the claimant needed to take unscheduled breaks every two hours for 15 minutes. Ms. Atkinson further opined that the claimant could lift and carry ten pounds occasionally and never 20 pounds or more. She found that the claimant would be absent from work for more than four times a month (B16F/4). This opinion except for the standing/walking limitation is not supported by Ms. Atkinson's own treatment notes. On March 11 and April 27, 2021, Ms. Atkinson noted that the claimant's musculoskeletal system had equal motion of all four extremities with no localized deficits, normal gait, and grossly intact strength (B12F/41, 54). On April 27, 2021, Ms. Atkinson stated that the claimant was having good improvement with her diabetes with some good improvement with medication and diet changes (B12F/41). She commented that the claimant's extremities had no significant pitting edema, and her diabetic foot examination was unremarkable. Moreover, the severity of these limitations (except for the standing/walking limitation) is inconsistent with the other medical evidence of record. For example, on December 3, 2019 and February 28, 2020, the claimant's neurological system was normal (B2F/9, 15). On March 23, 2020, the claimant's musculoskeletal and neurological systems had normal sensory examination and grossly unremarkable musculoskeletal examination (B3F/42). She had no peripheral edema. On August 19, 2020, the claimant [sic] manual muscle testing revealed strength of 5/5 throughout, finger-to-nose testing was intact, and straight-leg raise test did not elicit pain bilaterally in both the seated and supine positions. On September 9, 2020, the claimant's gait and posture were unremarkable (B6F/3). On December 18, 2020, the claimant was able to climb on and off the examination table without assistance (B10F/6). March 2021 lumbar spine x-rays revealed only lumbar spondylosis, normal alignment and spinal soft tissue, no fracture, and maintained vertebral body height (B15F/9). On July 21, September 28, and October 8, 2021, the claimant denied falling in the past week or needing help with standing or walking (B14F/5, 7, 11). On July 21 and September 28, 2021, the claimant had intact lower extremity strength in the lower extremities, her leg sensation was intact over all dermatomes and peripheral nerve distribution, her cranial nerves were grossly intact, her patellar deep tendon reflexes were 2+ and symmetrical, and straight leg raise was negative bilaterally (B14F/6, 10). Consequently, I find this opinion unpersuasive except for the standing/walking limitation. Nevertheless, this opinion, to the extent that it shows the claimant can only stand and/or walk for two hours during an eight-hour workday, is well supported by medically acceptable clinical or laboratory

> diagnostic techniques and is not inconsistent with the other substantial evidence in the record. For example, a December 2011 lumbar spine MRI showed spondyloarthropathy at L4-5 and L5-S1 and degenerative grade 1 spondylolisthesis at L4-5 with neural foraminal narrowing (B1F/1). On August 19, 2020, the claimant had a limping gait, her sensation was diminished to the bilateral lower extremities, her reflexes were symmetric at 1/4, and she had tenderness with palpation to lumbar spine. She was able to bend forward, heel, toe, and tandem walk with difficulty. She had reduced range of motion of the cervical spine, lumbar spine, hips, and knees (B5F/5-6). On December 18, 2020, the claimant's lumbar spine had pain with range of motion (B10F/6). On March 19, 2021, the claimant's back was tender to percussion (B12F/18). March 2021 lumbar spine x-rays revealed lumbar spondylosis (B15F/9). On July 21 and September 28, 2021, the claimant had limited flexion and extension of the lumbar spine, a positive sacroiliac compression test, painful sacroiliac joints to palpation, positive lumbar spine facet loading maneuvers, exaggerated upper lumbar and thoracic lordosis, and diminished Achilles refluxes [sic] bilaterally (B14F/6-7, 10). Therefore, I find this limitation persuasive.

(PageID.52–53.)

Although the ALJ addressed both the supportability and consistency factors in assessing Ms. Atkinson's opinion, Plaintiff contends that the ALJ erred by failing to explain why he adopted Ms. Atkinson's two-hour standing and walking limitation but found her opined limitations as to sitting and the need for additional breaks unpersuasive. More specifically, Plaintiff contends that in evaluating the consistency of the opined limitations with the record medical evidence, the ALJ cited evidence that both supported and contradicted the rejected limitations, but he failed to explain why he adopted the two-hour standing and walking limitation but not the sitting and additional breaks limitations. (ECF No. 11 at PageID.760.) Plaintiff contends that the circumstances here are similar to those in *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900 (E.D. Mich. 2021), where the court found that the ALJ's summary of record evidence that included both supportive and contradictory evidence did "little to explain the ALJ's reasoning or to provide sufficient rationale for a reviewing adjudicator or court." *Id.* at 907 (internal quotation marks omitted).

Defendant responds that the ALJ properly evaluated Ms. Atkinson's opinion in accordance with the regulation, finding that her extreme limitations were unsupported by her own treatment

notes and were inconsistent with other evidence in the record. Defendant further contends that Plaintiff's argument ignores the ALJ's finding that there was little objective evidence in the record indicating that Plaintiff was limited in her ability to sit.[2] (ECF No. 12 at PageID.771–72.)

Here, the ALJ's evaluation of Ms. Atkinson's opinion is analogous to the ALJ's discussion in *Hardy*, which the court found unhelpful to its review of the ALJ's decision. In the present case, the ALJ adopted the standing and walking limitation and rejected the sitting and additional breaks limitation while citing evidence that was both *consistent and inconsistent* with both the adopted and rejected limitations. However, the ALJ failed sufficiently to explain his analysis of the inconsistency factor. Although Defendant contends that the ALJ's analysis is supported by substantial evidence, she does not engage Plaintiff's specific argument. As one court has observed, the regulation requires a "minimum level of articulation" to facilitate subsequent review, and an ALJ's failure to comply with this requirement "frustrates this court's ability to determine whether [the ALJ's] disability determination was supported by substantial evidence." *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021). This requirement applies even if the record otherwise contains substantial evidence to support the ALJ's decision. *See William G. v. Comm'r of Soc. Sec.*, No. 2:22-cv-213, 2022 WL 4151381, at *8 (S.D. Ohio Sept. 13, 2022), *report and recommendation adopted*, 2022 WL 16745337 (S.D. Ohio Nov. 7, 2022) ("While the ALJ may ultimately find Dr. Babson's opinion unsupported, he must explain his reasoning." (citing 20 C.F.R. § 404.1520c(b)(2))).

Accordingly, I recommend that the Court conclude that remand is warranted because the ALJ failed to meet the regulation's minimum level of articulation. *See Sandrock v. Comm'r of Soc.*

---

[2] Defendant also points out the "check-box" nature of Ms. Atkinson's opinion. (ECF 12 at PageID.770.) Certainly, the ALJ could have cited this as a basis to find the opinion unsupported and, thus, not persuasive, but the ALJ did not cite this as a basis to reject the opinion.

10

*Sec.*, No. 1:20-cv-1033, 2022 WL 4180607, *5 (W.D. Mich. Sept. 13, 2022) (finding remand warranted because the ALJ "failed to set out a sufficient analysis of the evidence to allow an appellate court to trace the path of his reasoning" (citing *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011))).

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings, as set forth above, pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: August 22, 2023              /s/ Sally J. Berens
                                    SALLY J. BERENS
                                    U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).